IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) )   Civil Action No. _____ |
| v. | ) ) ) **COMPLAINT** ) |
| BLUELINX CORP., d/b/a LAKE STATES LUMBER, INC., | ) **Jury Trial Demanded** ) ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Eric Stauber ("Stauber") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that BlueLinx Corp., d/b/a Lake States Lumber, Inc., ("Defendant") discriminated against Stauber when it terminated his employment because of his disability in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

1

§§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1).

4. At all relevant times, Defendant BlueLinx Corp., d/b/a Lake States Lumber, Inc., has continuously been a Georgia corporation doing business in the State of Minnesota and the City of Duluth. Defendant has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Eric Stauber filed a charge with the EEOC alleging violations of the ADA by Defendant.

8. On April 10, 2019, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Stauber in violation of the ADA by terminating his employment.

9. On April 10, 2019, the EEOC issued to Defendant a Letter of Determination inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on May 14, 2019, the EEOC issued Defendant a Notice of Failure of Conciliation for Stauber's charge.

12. All conditions precedent to the institution of this suit have been fulfilled.

## STATEMENT OF CLAIMS

13. Defendant is a manufacturer and wholesale distributor of lumber and wood products, which operates facilities in Minnesota. Defendant BlueLinx Corp. is headquartered in Marietta, Georgia, and operates a facility in Duluth, Minnesota under the name Lake States Lumber.

14. On or about February 10, 2016, Defendant engaged in unlawful employment practices at its facilities in Minnesota in violation of Section 102(a), 42 U.S.C. § 12112.

15. Stauber worked for Defendant at its Duluth, MN location from August 2008 to February 2016.

16. Stauber was qualified for his job as a forklift driver, and could perform the essential functions of the job.

17. Stauber has a heart impairment. On or about November 3, 2015, Stauber had heart surgery. Stauber was released by his doctor to return to work with no restrictions on February 10, 2016. Stauber submitted doctor's notes to Defendant informing it of his return to work.

18. When Stauber returned to work on February 10, 2016, Defendant placed Stauber in a different job than he previously worked, and imposed restrictions on his work.

19. On February 19, 2016, Defendant's managers claimed that Stauber could not perform any jobs at Defendant's facility, and informed Stauber that he could not continue working for Defendant until he was "100% released without restrictions" and/or "100% healthy."

20. Defendant terminated Stauber's employment because Stauber has an impairment and Defendant regarded Stauber as disabled.

21. The effect of the practices complained of in paragraphs 13-20 above, has been to deprive Stauber of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

22. The unlawful employment practices complained of in paragraphs 13-20 above were and are intentional.

23. The unlawful employment practices complained of in paragraphs 13-20 above were done with reckless indifference to the federally protected rights of Stauber.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Stauber by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 13-20 above.

D.  Order Defendant to make whole Stauber by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13-20 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E.  Order Defendant to make whole Stauber by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-20 above, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraphs 13-20 above, in amounts to be determined at trial.

F.  Order Defendant to pay Stauber punitive damages for its malicious and reckless conduct, as described in paragraphs 13-20 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>JAMES LEE
>Deputy General Counsel
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>131 M Street, N.E., 5th Floor
>Washington, D.C.  20507
>
>
>/s/ Gregory Gochanour
>Gregory Gochanour
>Regional Attorney
>
>
>/s/ Jean P. Kamp
>Jean P. Kamp
>Associate Regional Attorney
>
>
>/s/ Tina Burnside
>Tina Burnside (WI Bar No. 1026965)
>Senior Trial Attorney
>
>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>Minneapolis Area Office
>330 Second Avenue South, Suite 720
>Minneapolis, Minnesota 55401
>Telephone: (612) 552-7319
>Facsimile: (612) 335-4044
>tina.burnside@eeoc.gov