UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>v.<br><br>LAKE STATES LUMBER, INC.,<br><br>   Defendant. | Civil Action No. 19-1549 (NEB/LIB)<br><br>**CONSENT DECREE** |

## INTRODUCTION AND RECITALS

Plaintiff, Equal Employment Opportunity Commission ("Commission" or "EEOC") filed a Complaint against Defendant Lake States Lumber, Inc., ("Defendant"), *EEOC v. Lake States Lumber, Inc.*, Civil No. 19-1549 (NEB/LIB), alleging that Defendant discriminated against Eric Stauber ("Stauber") when it terminated his employment because of his disability in violation of Section 102(a) of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112 (ADA), as amended by the Americans with Disabilities Amendments Act of 2008.

Lake States Lumber, Inc. filed an Answer denying that it violated the ADA.

In reaching this Consent Decree, the EEOC and Defendant, acting by and through their counsel, engaged in comprehensive settlement negotiations, have agreed that this action should be resolved by entry of this Consent Decree. For the purpose of amicably resolving the disputed claims, the Parties jointly request this Court to adjudge as follows:

1

IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

**I.     JURISDICTION**

**A.**     This Court has jurisdiction over the parties and the subject matter of this action.

**B.**     This Court shall retain jurisdiction of this action during the duration of this Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief and enforcing compliance with the terms provided herein.

**II.     FINDINGS**

**A.**     The purposes of the ADA and the public interest will be furthered by the entry of this Decree.

**B.**     The terms of this Decree constitute a fair and equitable settlement of this action.

**C.**     The parties agree that this Consent Decree does not preclude individuals from filing disability discrimination charges under the ADA and the EEOC from investigating such charges.  The parties also agree that nothing in this Consent Decree is designed to prevent Defendant from responding to any charge of discrimination through the investigative process.

**III.     SCOPE**

The EEOC agrees that it will not bring any further claim against Defendant based on the charge of discrimination filed by Eric Stauber underlying this lawsuit. By entering

into this Decree the parties do not intend to resolve any other charges of discrimination currently pending before the EEOC other than the charge that created the procedural foundation for the Complaint in this case, and the EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation.

## IV.     DEFINITIONS

As used herein, Defendant shall mean Lake States Lumber, Inc.'s facility located in Duluth, MN.

## V.     TERM

The Term of this Decree and all obligations hereunder shall be two (2) years from the Effective Date hereof. The Effective Date hereof shall be the date that the District Court approves this Consent Decree.

## VI.     INJUNCTION

Lake States Lumber, Inc., shall not discriminate on the basis of disability in violation of the ADA against any person because such person has a disability by terminating the employment of any qualified individual with a disability when the individual can perform the essential functions of a job with or without a reasonable accommodation.

Lake States Lumber, Inc., shall not engage in retaliation prohibited by the ADA against any person because such person opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## VII. EMPLOYMENT REFERENCE

Lake States Lumber, Inc., will provide a neutral employment reference for Eric Stauber. When providing reference check information, Defendant will provide prospective employers Stauber's dates of employment, last position held as a forklift driver, and last hourly wage. Also, on Stauber's request, Defendant will provide a neutral letter of reference identifying Stauber's dates of employment, last position held as a forklift driver, and last hourly wage.

## VIII. POLICIES AND TRAINING

**A.** Defendant will not maintain or implement a policy that requires individuals to be 100% released without restrictions or 100% healthy prior to returning to or continuing work.

**B.** Within 120 days of the effective date of this Consent Decree, and thereafter occurring on an annual basis during the term of this Consent Decree, Defendant will provide on-line training to its management personnel on the ADA's provisions prohibiting discrimination. The training may also include information about other laws prohibiting discrimination in the workplace and about Defendant's equal employment opportunity policies. An agenda for the training, training materials, and resumes relating to the presenters will be provided to the EEOC at least 30 days before each training session. Defendant shall obtain the EEOC's approval of its proposed trainer(s) and the proposed training content prior to each training session. Defendant shall submit the names(s), addresses, telephone number(s) to the EEOC at least 30 days before each training. The EEOC shall have seven (7) business days from the date of receipt of this

information described above to accept or reject the proposed trainers and training materials. In the event the EEOC does not approve Defendant's designated trainer or training material, Defendant shall have fourteen (14) business days to identify an alternate trainer and training materials. If the parties cannot agree on a trainer and/or training material, they may seek the Court's assistance. The first annual training shall total no less than one hour. Each subsequent training shall total no less than one hour, which may be presented in a one-hour session, or as two thirty-minute training sessions. The EEOC shall be notified of the time and date of each scheduled training, up to one week prior to the training session.

**C.** Within 120 days of the effective date of this Consent Decree, Defendant will re-publish its policies prohibiting discrimination, rights under the ADA and civil rights statutes, procedures for requesting accommodation, and procedures for identifying concerns or complaints regarding potential discrimination.

**D.** In the second year of the effective date of this Consent Decree, Defendant will train all of its non-management employees on their rights as employees to be free from discrimination under the ADA. Such training shall advise them of their right to file charges of discrimination with the EEOC or other fair employment practices agencies. An agenda for the training, training materials, and resumes relating to the presenters, will be provided to the EEOC at least 30 days before each training session. The EEOC will have the opportunity to comment on the agenda. Defendant may use a computer module, video or other non-live training curriculum to complete its training for non-management employees. Defendant may choose to train non-management employees during the

training for management employees, so long as the trainer explains how the obligations of management employees to respond to complaints of discrimination differ from those of non-management employees.

  **E.** At the beginning of each training session held under this Decree, a Senior Human Resources employee will introduce (either remotely or in person) the trainer and affirm that Defendant takes its obligations under all EEO laws and prohibitions seriously.

## IX. POSTING TO EMPLOYEES

  **A.** Defendant will post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in all its facilities.

  **B.** Defendant will post the Notice attached as **Exhibit A** at its facility in Duluth, MN. **Exhibit A** will be posted in locations where notices for employees are generally posted, and shall remain in place for the term of this Decree. Defendant shall take steps to ensure that the posted Notice remains unobscured and, during the term of this Decree, will replace any damaged or defaced Notices.

## X. RECORDKEEPING AND REPORTING

  **A.** Defendant will comply with all recordkeeping obligations under the laws prohibiting discrimination as outlined in 29 C.F.R. §1602. Defendant will review and, as necessary, revise any document retention policies, human resources policies, or employee materials to comply with the record-keeping requirements under Title VII.

  **B.** On an annual basis during the term of this Decree, Defendant shall submit to the EEOC a certification of compliance with this Decree, including that it has reviewed its workplace policies, revised any policies inconsistent with the ADA, and it has

conducted the training of its personnel as required by this Decree. After the first report to the EEOC, Defendant's subsequent annual report shall document any further revisions or changes to its workplace policies and describe how such revisions are consistent with the ADA.

**C.** During the term of this Consent Decree, Defendant shall document, collect, and maintain information sufficient to provide the EEOC with reports every six months, listing all complaints, written or verbal, of disability discrimination under the ADA made during that reporting period. Such information and reports shall include the following: (1) the date of the complaint; (2) the name of the complaining party; (3) the name and job title of the person who received the complaint; (4) a general description of the facts alleged by the complainant; (5) a summary of the investigation conducted by Defendant of the complaint; and (6) a description of what action, if any, Defendant took in response to the complaint. Upon the EEOC's request, Defendant shall make the underlying documents or records available to the EEOC within 14 business days of request.

**XI. MONETARY REMEDY**

**A.** Defendant agrees to pay $100,000 to Eric Stauber in resolution of this matter within thirty (30) days after the Effective Date of the Consent Decree.

**B.** Stauber's execution of a release, attached as **Exhibit B**, will be a condition precedent of his receipt of relief under this Decree.

**C.** Defendant will provide Stauber with appropriate income tax documentation. For purposes of this settlement, Defendant will provide Stauber a W-2 income tax form reflecting the payment of $26,314 for Stauber's back pay losses.

Defendant will make all appropriate withholdings and employer tax contributions applicable to the back pay amount. Defendant will provide Stauber with a 1099 tax form reflecting the payment of $73,686 for Stauber's compensatory damages.

**D.** Defendant will provide the EEOC with a copy of the checks and any related correspondence provided to Stauber.

## XII. NOTIFICATION OF SUCCESSORS

Defendant and any successors of it shall provide a copy of this binding Decree to any organization or person who proposes to acquire or merge with it, or any successor, prior to the effectiveness of any such asset sale, acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree. The terms of this Consent Decree shall be binding on any successors and assigns of Lake States Lumber, Inc.

## XIII. DISPUTE RESOLUTION

The EEOC will give Defendant fifteen (15) business days' notice of any alleged noncompliance with the terms of the Decree before initiating enforcement actions under this Decree. If Defendant has not remedied the alleged non-compliance or has not satisfied the EEOC that it has complied with the Decree at the end of that period, the EEOC may apply to the Court for appropriate relief. The dispute resolution proceedings in this Section do not apply to those cases where the EEOC has determined the need to seek immediate injunctive or other extraordinary relief.

## XIV. COMPLIANCE REVIEW

The EEOC may review Defendant's compliance with the provisions of this

Consent Decree during the term of this Consent Decree on written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or premises related to compliance with the provisions of this Consent Decree, except that the EEOC may visit the premises to determine compliance with the posting requirement without notice. On such notice by the EEOC under this provision, Defendant will allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying any relevant, non-privileged documents and records related to compliance with the provisions of this Consent Decree, and interviewing employees and management officials on its premises related to compliance with the provisions of this Consent Decree. Defendant has the right to object to the scope and frequency of requests made by the EEOC under this provision and the parties agree to address the resolution of any objections in good faith.

### XV. COSTS AND ATTORNEYS FEES

The EEOC and Defendant shall each bear their own costs and attorney's fees.

**By the Court:**

**IT IS SO ORDERED.**

Dated: _____, 2021      _____
                                                                               Nancy E. Brasel
                                                                               United States District Judge

The parties jointly request that the Court approve and enter this Consent Decree.

This 19th day of April, 2021.

ATTORNEYS FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Gwendolyn Young Reams
Acting General Counsel
131 M. Street NE, 5th Floor
Washington, D.C. 20507

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9685
Email: greg.gochanour@eeoc.gov

/s/ Deborah Hamilton
Deborah Hamilton
Supervisory Trial Attorney
Chicago District Office
230 South Dearborn Street, Suite 2920
Chicago, IL 60604
Telephone: (312) 872-9671
Email: deborah.hamilton@eeoc.gov

/s/ Tina Burnside
Tina Burnside (WI #1026965)
Senior Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 552-7319
Email: tina.burnside@eeoc.gov

/s/ Adrienne Kaufman
Adrienne Kaufman (#0397523)
Trial Attorney
EEOC - Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
Telephone: (612) 552-7315
Email: adrienne.kaufman@eeoc.gov

ATTORNEYS FOR DEFENDANT
LAKE STATES LUMBER INC.

/s/ Bradley J. Lindeman
Bradley J. Lindeman (#0298116)
Erik Rootes (#0397664)
Meagher & Geer, PLLP
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Telephone: (612) 338-0661
Email: blindeman@meagher.com
Email: erootes@meagher.com

**[Lakes States Lumber, Inc. Letterhead]**

**NOTICE TO EMPLOYEES**

This Notice is posted pursuant to a Consent Decree resolving a lawsuit with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit against Lake States Lumber, Inc. alleging that it discriminated against a former employee in 2016 by terminating his employment because of his disability in violation of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Amendments Act of 2008.

The Consent Decree resolving this lawsuit provides a monetary settlement to Eric Stauber. The Decree requires training for Defendant's personnel on Federal laws prohibiting discrimination based on disability, and mandates regular reporting to the EEOC.

If you have a question about the Consent Decree, you should contact the Minneapolis office of the EEOC at (612) 552-7334. You can find out more about the EEOC and the laws that it enforces by going to http://www.eeoc.gov.

_____

(This will be signed by a designated executive)

Lake States Lumber, Inc.

**EXHIBIT A**

# RELEASE AND WAIVER

In consideration for $100,000 paid by Lake States Lumber, Inc., in connection with the resolution of *EEOC v. Lake States Lumber, Inc.*, No. 0:19-cv-01549-NEB-LIB, I waive the right to recover for any claims of disability discrimination under the Americans with Disabilities Act as amended by the Americans with Disabilities Amendments Act that were the subject of this EEOC lawsuit.

Date: _____    Signature: _____
                                        Eric Stauber

**EXHIBIT B**