# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 19-CV-1549 (NEB/LIB) |
| Plaintiff, | |
| v. | ORDER ENTERING CONSENT DECREE |
| LAKE STATES LUMBER, INC., | |
| Defendant. | |

The Equal Employment Opportunity Commission ("EEOC") sued Lake States Lumber, Inc. ("Lake States") alleging that Lake States discriminated against Eric Stauber when it terminated his employment because of his disability. After engaging in discovery, the parties reached a settlement, the terms of which are outlined in a consent decree. (ECF No. 36.) Finding that the consent decree is procedurally fair, substantively fair, reasonable, and consistent with governing law, the Court grants the motion and enters the consent decree.

## BACKGROUND

For background, the Court draws the following facts from the Complaint. Stauber worked for Lake States from August 2008 to February 2016. (ECF No. 1 ¶ 15 ("Compl.").) He was qualified for his job as a forklift driver, and could perform the essential functions of this job. (*Id.* ¶ 16.) Stauber had a heart condition, and underwent heart surgery in

November 2015. (*Id.* ¶ 17.) Stauber's doctor released him to return to work with no restrictions on February 10, 2016. (*Id.*) When Stauber returned to work on February 10, 2016, Lake States placed him in a different job with restrictions. (*Id.* ¶ 18.) Several days later, Stauber's managers claimed that he could not perform any jobs at the Lake States facility, and informed him that he could not continue working for Lake States "until he was '100% released without restrictions' and/or '100% healthy.'" (*Id.* ¶ 19.) Lake States regarded Stauber as disabled and terminated him because of his impairment. (*Id.* ¶ 20.)

Stauber filed a charge with the EEOC alleging that Lake States violated the ADA. (*Id.* ¶ 7.) The EEOC issued a Letter of Determination, and later, a Notice of Failure of Conciliation for Stauber's charge. (*Id.* ¶¶ 8–11.) The EEOC then filed this lawsuit, asserting Lake States engaged in unlawful employment practices at its Minnesota facilities in violation of Section 102(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, as amended by the Americans with Disabilities Act of 2008. (*Id.* ¶ 14.) The EEOC sought injunctive relief and punitive damages against Lake States and backpay for Stauber, among other relief. (*Id.* at 5–6.) Lake States filed an answer denying it violated the ADA. (ECF No. 13.)

The parties engaged in discovery, and, after negotiation, reached a settlement. (ECF No. 36.) The parties now jointly move the Court to approve and enter the consent decree that outlines their settlement terms. (ECF No. 35.)

# ANALYSIS

A consent decree must "resolve a dispute within the court's subject-matter jurisdiction," "come[] within the general scope of the case made by the pleadings," and "further the objectives of the law on which the complaint was based."[1] *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citations omitted). A consent decree must also be formulated to protect federal interests. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Relevant here, the law "strongly prefers" settlement agreements "as a means of protecting the federal interest in employment discrimination cases." *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172–73, 1174 (8th Cir. 2012).

In deciding whether to approve a consent decree, a district court must determine whether the proposed consent decree is procedurally and substantively fair, reasonable, and consistent with governing law. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018 (8th Cir. 2002) (citation omitted). When conducting such a review, "the court must carefully consider the underlying facts and legal arguments without mechanistically rubber stamping the consent decree." *United States v. NGL Crude Logistics, LLC*, No. 16-CV-1038-LRR, 2017 WL 1371286, at *3 (N.D. Iowa Apr. 11, 2017) (cleaned up, citing *BP Amoco*, 277 F.3d at 1019).

---

[1] The Court has jurisdiction over this action because a United States agency is the plaintiff, among other reasons. 28 U.S.C. § 1345; (*see* Compl. ¶ 1).

### I. Procedural Fairness

To assess procedural fairness, courts look to "the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Nat'l Credit Union Admin. Bd. v. True Yang Vangh*, No. 15-CV-3871 (WMW/KMM), 2018 WL 6437423, at *2 (D. Minn. June 29, 2018) (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 86 (1st Cir. 1990)). **United Natural Foods, Inc.** Relevant factors include whether the parties negotiated the proposed consent decree in good faith and at arm's length. *Id.* (citing *BP Amoco*, 277 F.3d at 1020). Here, there is no indication that the parties negotiated in bad faith or any closer than at arm's length. Additionally, all signatories to the consent decree were represented by counsel. Thus, the consent decree is procedurally fair.

### II. Substantive Fairness

Substantive fairness revolves around "concepts of corrective justice and accountability." *Nat'l Credit Union*, 2018 WL 6437423, at *2 (quoting *BP Amoco*, 277 F.3d at 1020). The relevant inquiry to determine substantive fairness is "whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *Id.* (quoting *Cannons*, 899 F.2d at 84).

The governing statute here is Section 102(a) of the ADA, which makes it unlawful for an employer to discharge an employee based on his disability. 42 U.S.C. § 12112(a). The Court finds that the terms of the proposed consent decree are faithful to the ADA's objectives because the consent decree provides that Lake States shall not discriminate on

the basis of disability in violation of the ADA by terminating the employment of any qualified individual with a disability who can perform the essential job functions with or without reasonable accommodation. (ECF No. 36 § VI.) The Court has no reason to suspect that the terms of the consent decree are substantively unfair.

### III. Reasonableness

Factors that courts look to when considering reasonableness include "whether the consent judgment reflects a resolution of the allegations in the complaint, whether the terms of the consent judgment are clear, and the relative strength of the parties' positions." *Nat'l Credit Union,* 2018 WL 6437423, at *2 (first citing *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294–95 (2d Cir. 2014), then citing *Cannons*, 899 F.2d at 89–90).

The consent decree here resolves the allegations in the Complaint, as it states that Lake States agrees to not discriminate on the basis of disability in violation of the ADA by discharging an employee because the employee has a disability. (ECF No. 36 § IV.) In addition, Lake States agrees to not maintain or implement a policy requiring individuals to be 100% released without restrictions or 100% healthy before returning to work. (*Id.* § VIII(A).) Lake States agrees to pay Stauber backpay losses and compensatory damages, and provide him with a neutral employment reference. (*Id.* §§ VII, XI.) Lake States also agrees to: train its management on the ADA provisions prohibiting discrimination; re-publish its policies prohibiting discrimination, employees' rights under the ADA and civil rights statutes, and procedures for requesting accommodation and identifying

concerns about discrimination; train non-management employees on their rights under the ADA; and post notice of the consent decree. (*Id.* §§ VIII(B–D), IX.) The terms of the decree are clear and appear to reflect the relative strength of the parties' positions. The consent decree is reasonable.

IV.     **Consistency with Governing Law**

The final consideration in approving a consent decree is whether the decree is consistent with the governing law. As addressed above (*supra* Part II), the decree is consistent with the ADA. If the allegations in the Complaint are true, Lake States violated Section 102(a) when it terminated Stauber because of his disability. A consent decree requiring Lake States to, among other things, refrain from further violating the ADA, train management personnel on the ADA's provisions prohibiting discrimination, re-publish its policies prohibiting discrimination, and train its non-management employees on their rights to be free from discrimination under the ADA, is consistent with the ADA. (ECF No. 36 §§ VI, VIII, IX.)

The parties' consent decree is procedurally fair, substantively fair, reasonable, and consistent with governing law.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the joint motion for entry of the consent decree (ECF No. 35) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 7, 2021							BY THE COURT:

								s/Nancy E. Brasel
								Nancy E. Brasel
								United States District Judge